# Richmond.

## AYRES & AL. V. ALPHIN & AL.

### November 19th, 1891.

PRACTICE IN CHANCERY—*Parties—Revival—Case at bar.*—Decree for sale being entered in suit to enforce vendor's lien, a judgment creditor of vendee, whose judgment binds his real estate, agreed to a private sale provided that after paying vendor he should receive one-half the residue. Purchaser failed. A re-sale was ordered, without reviving the suit, though the judgment creditor had died. By the decree his rights were ignored, and the residue directed to be paid over to vendee;

HELD:

By his consent to the first sale, the judgment creditor became a party to the suit, and it was error to enter the second decree without having first revived it as to his administrator, who may file a bill to review it.

Appeal from two decrees of the hustings court of the city of Staunton, rendered May 14th, 1889, and June 7th, 1890, in the cause wherein D. C. E. Brady, executor of William Weaver, deceased, was complainant, and William L. Ayres was defendant. During the progress of the suit William Alphin, a judgment creditor of Ayres, became a party to the suit. The final decrees being adverse to the defendant, Ayres, he appealed. Opinion states the case.

*W. E. Craig* and *T. C. Elder*, for appellant.

*S. H. Letcher*, for appellee.

LACY, J., delivered the opinion of the court.

On the 15th day of February, 1872, a bill was filed in the circuit court of Rockbridge county by D. C. Brady, executor of William Weaver, deceased, against the appellant, William L. Ayres, to subject the land of the defendant (Ayres) in the bill mentioned, situated in the county of Rockbridge, to the lien reserved in the deed of the vendor to the said Ayres, to secure the purchase-money for the said land, a balance remaining unpaid by the said Ayres of $4,823.19. Ayres answered, admitting the correctness of the bill, except a failure to allow him credit for all of his payments, and admitting a balance to be still due and unpaid. The court referred the cause to a master to ascertain the true balance due. The commissioner reported the balance, which was not excepted to, and on the 10th day of December, 1873, a decree was rendered in the cause by consent, confirming the said report, and decreeing against the said defendant for a balance due of $4,991.19, and ordering a re-sale, in default of payment by the defendant within thirty days, in whole or in parcels, of the said land, at public or private sale. The land was sold at private sale to one E. A. Quintard for the sum of $6,000, by the consent in writing both of the defendant, William L. Ayres, and of one William Alphin, the consent being both as to purchaser and the amount of the purchase-money, the said William Alphin being a judgment creditor of William L. Ayres, by confession, in the sum of $3,138.28, with interest from the first day of January, 1871. This sale to Quintard at $6,000 was consented to by the said William Alphin, provided he (Alphin) should receive one-half of the residue after paying the balance due to Weaver's estate, which balance was about $1,000. Quintard paid a part of the purchase-money—to-wit, $1,622.64—and defaulted as to the residue. And upon the petition of Weaver's executor, and proper proceedings thereon, on the 15th of May, 1875, a decree was rendered for a re-sale to satisfy the unpaid purchase-money,

which, being executed, the said William L. Ayres became the purchaser at the price of $3,360, $336 being paid in cash, and bonds executed by Ayres, with M. E. Davidson as his security, one bond at four months for $504, and three other annual bonds, each in the sum of $840; which sale was confirmed by the court, and a commissioner appointed and directed to collect these bonds and apply them to the payment of the Quintard bonds, and the commissioner, who was J. D. Davidson, was directed to convey the title when the same was fully paid. And subsequently, J. D. Davidson having died, C. A. Davidson was appointed a special receiver to collect said bonds, and he having partly collected the bonds and died, the general receiver of the court was ordered to collect the bonds, and to apply them as directed by former decree, and one J. G. Steele appointed to convey the title in lieu of the said J. D. Davidson, who had died. An account was ordered and taken, and report made of the balance due on the plaintiff's debt, and an account of the collection by the late special receiver, C. A. Davidson, deceased. The commissioner reported that the last bond of Ayres was not necessary to pay the Weaver debt, and might be turned over to Ayres uncollected, which was decreed accordingly.

It appeared from the said commissioner's report, farther, that M. E. Davidson had paid for Ayres, as his security, $1,924.99, which had been repaid to the amount of $1,203.47, by her purchase of certain lands of the said Ayres. And on March 15th, 1884, the receiver was directed to turn over to Ayres his last bond of $840, and pay him the balance in his hands of $12.75; and all matters being settled, as the decree recites, the cause was ordered to be stricken from the docket.

This decree having entirely ignored the rights of the said William Alphin, the judgment creditor, by whose consent the sale had been made to Quintard, upon the condition that he should receive from the said commissioner one-half of the last bond, which, as has been said, was turned over to the debtor

(Ayres), in whole, on the 10th day of September, 1884, follow-ing the said March 15th, when the said decree was rendered, the administrator of Alphin, by leave of the court, filed his petition to review the said last-named decree, for errors alleged to be apparent upon the record, wherein it was set forth that Alphin was the judgment creditor of Ayres in the sum of $3,138.28, with interest from January 1st, 1871, and set forth the private sale to Quintard, made by the joint consent of Alphin and Ayres in writing, which was filed in the cause as the basis of the decree, as has been stated, and that the last decree was inadvertently and erroneously entered, to the pre-judice of Alphin's rights, because at the time of the decree complained of Alphin was dead, and his counsel, J. D. David-son, was dead, and the said petitioner, Alphin's administrator, was not aware of the entering of the decree in question until the time when the petition was filed, and asking that the said cause be reinstated upon the docket, and the petitioner, as administrator, be admitted a party to the cause, and the decree, so far as it directed the surrender of the last purchase-money bond, be set aside, and an account be taken between Ayres and petitioner, and petitioner be decreed his just rights under the agreement filed in the cause aforesaid. Ayres and M. E. Davidson were summoned to answer this petition, which was returned executed on both Ayres and Davidson, and a decree of reference to a master to report on the matter involved in the petition.

The said account was taken by the master, and report made that the decree of March 15th, 1884, was erroneously and inad-vertently entered, and that the said bond belonged to Alphin under his assignment aforesaid.

Whereupon, it being suggested that the judge of the court should not sit in the cause, by reason of his relation to some of the parties by marriage, the cause was removed to the hustings court of Staunton on the 23d day of September, 1884. In the hustings court of Staunton, January 12th,

1888, the said report of the master was confirmed, and the decree of March 15th, 1884, was set aside and annulled, and the bond of $840 decreed to Alphin's administrator in accordance with the said commissioner's report, and decree rendered in his favor against Ayres and Davidson.

In March following Ayres and Davidson filed their bill of review to this decree, upon the facts as stated above, in which they allege that the decree setting aside the decree of March 15th, 1884, was erroneous, because Alphin was not a party to the cause, and could not file the bill to set the decree aside, and that the same was done without notice to them, and the account was taken under the said decree without notice to them, and for other grounds.

The appellee demurred to this bill, and it was dismissed, and from this decree Ayres and Davidson appealed. There is no error in this decree of which Ayres or Davidson can complain. The judgment of Alphin bound the interest of Ayres in the land held by him, and also the land sold to Davidson. It was erroneous to decree concerning the rights of Alphin's estate without reviving the case against his administrator. Alphin had been made a party in effect, by consent in the decree confirming the sale to Quintard, and ascertaining his rights in the purchase-money, and it was a fraud upon the rights of his estate to decree his interest in the fund to Ayres when he was not before the court, and was without counsel, his counsel having recently died. The order of revival was right and proper, and no injustice or injury has been done to the appellants by any of the decrees appealed from. The record shows that a large part of the money apparently paid by Ayres had been paid, in fact, for him by Alphin, who was his brother-in-law, and the device of depriving him of any interest in the fund was not thought of until after his death. The cause was not revived without notice to the appellants, but upon notice duly executed; and, being a party to the cause, the reference to the commissioner was a matter he was bound to take notice of,

and, if notice was not given to him. of the time of taking of the said account, he should have excepted upon that ground, which was not done. The report of the commissioner is not excepted to, and is in accordance with the just rights of the parties, and was properly confirmed by the court. And we are of opinion to affirm the decrees appealed from.

DECREE AFFIRMED.